IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

KASSIE L. TIGG                                                                                          PLAINTIFF

VS.                                                                        CIVIL ACTION NO.2:04CV212-SAA

GOLD STRIKE CASINO RESORT                                                          DEFENDANT

MEMORANDUM OPINION

Defendant Gold Strike Casino Resort has filed a motion for summary judgment. After fully considering the motion, memoranda and exhibits in support, as well as plaintiff's responsive materials, the court is ready to rule.

FACTS

On September 14, 2003, the plaintiff, Kassie Tigg, was in the defendant's place of business, Gold Strike Casino Resort, staying at the hotel to play at the casino. The plaintiff claims she slipped and fell while walking in the women's restroom of the casino. According to the plaintiff, there was some water or other liquid on the floor, and she slipped and fell in front of the restroom sink after or upon exiting the restroom stall. As a result of the fall, she injured her knee.

The plaintiff filed this action in August 2004, alleging that her injuries were caused by the liquid substance present on the lavatory floor about which the defendant's employees knew or should have known; according to plaintiff, the failure to remove the substance or warn of its

1

presence constituted a breach of legal duty by the defendant to make the premises reasonably safe for its business invitees. The plaintiff seeks damages for her injuries.

On June 10, 2005, the defendant filed this motion for summary judgment and supporting memorandum contending that the plaintiff has failed to establish a *prima facie* case for negligence and that, as a result, the defendant is entitled to judgment as a matter of law. The plaintiff has responded, stating that she has established all necessary elements of her claim and that due to the fact that the case is riddled with contradictory evidence, the case cannot be decided pursuant to Rule 56 of the Federal Rules of Civil Procedure, and the defendant's motion should be denied. The defendant has filed a reply, and the motion is now ripe for review.

## LAW

On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 91 L. Ed. 2d 265, 275 (1986) ("the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, 91 L. Ed. 2d at 274. That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 91 L. Ed. 2d 202, 216 (1986). Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to a party's case and

2

on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 91 L. Ed. 2d at 273. Before finding that no genuine issue of material fact exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. *Matsushita Elec. Indus. v. Zenith Radio Cor.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538, 552 (1986).

Summary judgment may be granted only if everything in the record demonstrates that no genuine issue of material fact exists. Therefore, the district court must not "resolve factual disputes by weighing conflicting evidence, . . . since it is the province of the jury to assess the probative value of the evidence." *Cather v. Catheter Technology Corporation*, 753 F. Supp. 634, 637 (S.D. Miss. 1991) (*quoting*, *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980). The court may not grant summary judgment where it merely believes it is unlikely that the opposing party will prevail at trial. *National Screen Service Corp. v. Poster Exchange, Inc.*, 305 F.2d 647, 651 (5th Cir. 1962).

Under Mississippi law, a business owner or operator owes a duty to an invitee or visitor to keep its premises in a reasonably safe condition. *Drennan v. Kroger Co.*, 672 So.2d 1168, 1170 (Miss. 1996). Notwithstanding, the owner or occupant is not an insurer against all injuries. *Kroger, Inc. v. Ware*, 512 So. 2d 1281, 1282 (Miss. 1987). Where a dangerous condition is created by someone not associated with the operation of the business, the plaintiff must produce evidence demonstrating that the operator had actual or constructive knowledge of the condition in order to prove liability. *Downs v. Choo*, 656 So. 2d 84, 86 (Miss. 1995). Constructive knowledge is present where, based on the length of time that the condition existed, an operator exercising reasonable care should have known of its presence. *Waller v. Dixieland Food Stores, Inc.*, 492 So. 2d 283, 285 (Miss.1986); *see also Douglas v. The Great Atlantic & Pacific Tea Co.*,

405 So.2d 107, 110 (Miss. 1981). It is not enough for a plaintiff to simply prove that there was a foreign substance on the floor that caused him injury. Instead, the plaintiff must show that the owner or operator either created the condition, in the instant case of the substance on the floor, or that the owner or operator should have known of the existence of the condition in time to correct it. *Waller*, 492 So. 2d at 285.

In the case at bar, the plaintiff has no evidence of what type of liquid was on the floor, how the liquid came to be on the floor or for how long it was on the floor before her fall. *See* Deposition of Kassie Tigg, p. 23. The plaintiff merely states that the liquid was on the floor and that it was the proximate cause of her fall. Plaintiff goes on to state that a Gold Strike employee, Dorothy Williams, cleaned the liquid from the floor after her fall. *See* Deposition of Kassie Tigg, p. 23. Ms. Williams testified that when she inspected the restroom floor she saw no liquid in front of the sink, but she did see some liquid in the stall area near the toilet. *See* deposition of Dorothy Williams, p. 26.

After review of the evidence in this case, the one fact that is clear and uncontradicted is that there is no evidence of how long the substance was on the floor or how it came to be there. Under Mississippi Law, an essential element of a plaintiff's *prima facie* case in an action such as this is to show that the owner/operator of the business had actual or constructive knowledge of the existence of the dangerous condition. *Barnette v. Walmart Stores*, 2001 WL 1524406, *3, (N.D. Miss, 2001). Courts in this jurisdiction have repeatedly held that it is not enough for a plaintiff to show that their was a foreign substance on the floor that caused an injury. *Id; See also Beliveau v. HWCC-Tunica, Inc.,*, *2 (N.D. Miss. 2000). Instead, it is necessary that the plaintiff prove that the owner/operator of the business either created the condition – in other

4

words had actual knowledge of the substance – or that it knew or should have known of its existence – in other words, had constructive knowledge of the substance.

In this case, even taking the plaintiff's proof as established, the most she has established is that there was a substance on the floor. The court finds that even assuming there was a liquid in which the plaintiff slipped, the plaintiff has failed to put forth any evidence at all of either how the substance came to be there or how long it had been there before plaintiff slipped on it. These failures of proof are fatal to plaintiff's claim. Therefore, finding that the plaintiff has failed to establish that the condition, if it did exist, was caused by the defendant or that it was known or should have been known by the defendant in time to correct the condition, the court holds that the plaintiff has failed to show a genuine issue of material fact regarding her claim of premises liability and that the defendant is entitled to judgment as a matter of law.

## CONCLUSION

For all the foregoing reasons, the defendant's motion for summary judgment should be granted. An order shall this day issue accordingly.

THIS, the 12th day of July, 2005

                                                    /s/ S. Allan Alexander  
                                                   S. ALLAN ALEXANDER  
                                                   U. S. MAGISTRATE JUDGE